UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

LUIS PEREZ and CARLOS NINA

            Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND VARIOUS JOHN DOES, OF THE NEW YORK CITY POLICE DEPARTMENT, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

            Defendants.



Docket No.  ECF CASE

Complaint and Jury Demand



## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of New York, the New York City Police Department, and various police officers arising out of the violation of the constitutional, statutory, and civil rights of the Plaintiffs. On August 25, 2007, various police officers, including at least one sergeant, acting under color of state law, intentionally and wilfully, <u>inter alia</u>, falsely arrested and falsely imprisoned, both Plaintiffs without probable cause for acts of which they were completely innocent.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is founded on U.S.C. Sections 1331, 1343 and 1367.

3. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claims arose within the boundaries of the Southern District of New York.

IRVING COHEN
ATTORNEY AT LAW
233 BROADWAY
NEW YORK, N.Y. 10279

1

## NOTICE OF CLAIM

4. Written Notices of Claim were filed with the City of New York, on September 13, 2007. More than 30 days have elapsed since the filing of said Notices of Claim and these matters have not been settled nor otherwise disposed of.

## PARTIES

5. Plaintiff Luis Perez currently resides in the County of Richmond, City of New York. Plaintiff Carlos Nina currently resides in the County of Bronx, City and State of New York.

6. Defendants police officers were at all relevant times acting in the capacity of agents, servants and employees of the defendant City of New York. They are sued individually and in that official capacity.

7. The City of New York is a municipality duly incorporated under the laws of the State of New York.

8. At all times mentioned herein, defendant police officers and the New York City Police Department were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

9. On August 25, 2007, at approximately 5:30 PM, the Plaintiffs, Luis Perez and Carlos Nina, were at 139th Street and St. Ann's Avenue in the Bronx.

10. On a wall of a building housing a Pioneer Supermarket at that location, Plaintiffs were painting a mural with the written permission of the owner/manager.

11. At that time, two police officers questioned Plaintiffs.

12. Plaintiffs explained that they had written permission from the owner of the building to paint the mural.

IRVING COHEN
ATTORNEY AT LAW
233 BROADWAY
NEW YORK, N.Y. 10279

13. Plaintiffs showed them the permission letter.

14. These two officers apparently accepted the fact that Plaintiffs had lawful permission.

15. As they were leaving, three other officers, apparently sergeants, arrived and asked to see the permission letter as well.

16. After seeing the permission letter, one of the sergeants directed the first two officers to arrest the Plaintiffs.

17. None of the officers nor sergeants, although asked by the Plaintiffs, went inside the Supermarket to try to find the owner.

18. Despite having the letter in their hands, the police kept on saying that the Plaintiffs did not have permission.

19. A friend of the Plaintiffs went into the Supermarket and returned outside with the owner's son.

20. When the son tried to talk to the police and tell them Plaintiffs had permission, one of the defendant sergeants said he didn't want to hear anything.

21. Uninterested in listening, looking or caring that both Plaintiffs were innocent of any criminal act, the police physically took both of them into custody, handcuffed them, arrested them for graffiti violations and brought them to the 40th precinct.

22. They were booked, put in a holding cell overnight and transported to Central Booking.

23. After a short time at Central Booking, they were transported to another precinct house.

24. They were finally released from that precinct house about 1:00 PM on August 26, 2007 when, apparently, the District Attorney refused to prosecute.

25. Later that day, Plaintiffs returned to the Pioneer Supermarket to continue working on the mural.

IRVING COHEN
ATTORNEY AT LAW
233 BROADWAY
NEW YORK, N.Y. 10279

26. The police, however, had told the owner not to give Plaintiffs permission to paint anymore.

27. The direct and proximate result that the acts of the Defendant caused Plaintiffs were mental suffering, anguish, psychological and emotional distress, deprivation of physical liberty and consequent out-of-pocket costs associated with the arrest and prosecution.

### FIRST CAUSE OF ACTION
### (FEDERAL CLAIMS)

28. Paragraphs 1 through 27 are incorporated herein by reference.

29. The Plaintiffs civil rights under 42 U.S.C. 1983 and 1985 and the Constitutions of the United States and the State of New York have been violated by defendants' actions.

30. The Plaintiffs were denied their constitutional rights to be free from their seizure and arrest and the seizure of their property without probable cause and without due process of law.

31. As a result of the false arrest, false imprisonment, and deprivation of liberty, the Plaintiffs were each damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

### SECOND CAUSE OF ACTION
### (BATTERY)

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Defendants engaged in and subjected the plaintiffs to immediate harmful offensive touching and battered them.

34. The Plaintiffs were each damaged by the battery of the defendant officers and the New York City Police Department in the amount of One Hundred Thousand ($100,000.00) Dollars.

### THIRD CAUSE OF ACTION
### (FALSE ARREST)

35. Paragraphs 1 through 34 are incorporated herein by reference.

IRVING COHEN
ATTORNEY AT LAW
233 BROADWAY
NEW YORK, N.Y. 10279

36. All Defendants subjected the plaintiffs to false arrest, false imprisonment and deprivation of liberty without probable cause.

37. As a result of the false arrest, false imprisonment, and deprivation of liberty, the Plaintiffs were each damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. The acts and conduct of all the defendants were negligent and the Plaintiffs were each damaged as a result of such negligent acts and conduct in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## FIFTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. At all times relevant, the officers and the Police Department were acting in the scope of their employment as police officers and a policy maker for the City of New York, respectively.

42. To the extent applicable, New York City is liable in respondent superior for said defendant's actions.

43. Defendant City of New York knew or should have known of all defendants' propensity to engage in illegal and wrongful acts detailed above and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

44. Defendant City of New York has failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of defendant police officers and has, with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

45. Defendant City of New York has damaged the plaintiffs by its failure to properly

IRVING COHEN
ATTORNEY AT LAW
233 BROADWAY
NEW YORK, N.Y. 10279

supervise, train, discipline, review, remove or correct the illegal and improper acts of defendant police officers and/or as a matter of policy and practice has, with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

46. Defendant City of New York was negligent in the operation of its police department.

47. The injuries suffered by the Plaintiffs were proximately caused by each and every one of the policies and practices set forth herein.

48. The actions of the defendants; including the City of New York, resulted in the deprivation of Plaintiffs' rights pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

49. As a result of the false arrest, imprisonment, the violation of said rights and deprivation of liberty, the plaintiffs were damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

## SIXTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

50. Paragraphs 1 through 49 are incorporated herein by reference.

51. Defendant City of New York knew or should have known of all defendants' propensity to engage in illegal and wrongful acts detailed above and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

52. Defendant City of New York has failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of defendant police officers and/or as a matter of policy and practice, has with deliberate indifference failed to take steps to uncover and/or correct such conduct.

53. Defendant City of New York maintained a policy and practice of arresting and prosecuting individuals without probable cause.

54. Defendant City of New York has damaged the plaintiffs by its failure to properly supervise, train, discipline, review, remove or correct the illegal and improper acts of defendant police officer and District Attorney and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

55. Defendant City of New York was negligent in the operation of its police department.

56. By its actions, the City of New York deprived the Plaintiffs of their constitutional rights under the Fourth, Fifth and Fourteenth Amendment.

57. The injuries suffered by the Plaintiffs were proximately caused by each and every one of the policies and practices set forth herein.

58. As a result of the false arrest, imprisonment, violation of constitutional rights and deprivation of liberty, the plaintiffs were damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally as follows:

A. In favor of each plaintiff in the amount of One Hundred Thousand ($100,000.00) Dollars for Battery, and Five Hundred Thousand ($500,000.00) Dollars on each of plaintiffs' remaining Causes of Action:

B. Awarding plaintiffs punitive damages in the amount of One Million ($1,000,000.00) Dollars.

C. Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this court deems just and proper.

IRVING COHEN
ATTORNEY AT LAW
233 BROADWAY
NEW YORK, N.Y. 10279

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York

    May 21, 2008

 

*[signature]* (3708)

IRVING COHEN
Attorney for Plaintiffs
233 Broadway-Suite 2701
New York, New York 10279
(212) 964-2544

IRVING COHEN
ATTORNEY AT LAW
233 BROADWAY
NEW YORK, N.Y. 10279